UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY CARNETT JR. | CIVIL ACTION |
| VERSUS | NO: 08-4189 |
| MARQUETTE TRANSPORTATION COMPANY, INC and JANTRAN, INC. | SECTION: J (3) |

## ORDER AND REASONS

Before the Court are Defendants' Motions to Transfer Venue (Rec. D. 35 & 36). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' Motions to Transfer Venue are **DENIED.**

## BACKGROUND

This maritime personal injury case was filed on August 14, 2008 in a complaint naming Marquette Transportation Co. LLC (hereafter "Marquette") as the Defendant. The Court held a Final Pretrial Conference on July 1, 2009 in which it denied the Defendant's Motion for Leave to File Third Party Claim. (Rec. D. 21). Then, on July 16, 2009, the Plaintiff filed a Motion to Continue Trial in order to complete some medical treatment which

would help to ascertain the most appropriate medical diagnosis. (Rec. D. 24). The Court held a status conference on July 20, 2009 where it granted Plaintiff's Motion to Continue Trial and gave Defendant leave to file the Third Party Claim against Jantran Inc and the M/V Mr. Tom (Rec. D. 30) (hereafter "Jantran"). Counsel was instructed to contact the Court to set a new trial date upon serving its third party complaint. (Rec. D. 30). On July 22, 2009, Defendant served a third party complaint on Jantran and on September 16, 2009, Jantram answered. (Rec. D. 31 & 33). Counsel has not contacted the Court to set a new trial timeline. On September 24, 2009, Marquette Transportation and Jantran Inc. filed Motions to Transfer Venue (Rec D. 35 &36). Both Motions are opposed by Plaintiff. This matter was set for hearing on October 14, 2009.

## Discussion

Both Defendants bring Motions to Transfer Venue pursuant to 28 U.S.C. § 1401. They seek to transfer this matter to the Northern District of Mississippi. In its memorandum in support of its Motion to Transfer, Jantran argues that the Eastern District of Louisiana is not a proper venue since none of the parties reside in Louisiana and none of operative events occurred in Louisiana. Instead, Jantran argues that this case should be transferred to the Northern District of Mississippi since the

accident occurred in the Port of Rosedale which can be found in Mississippi.

In its memorandum in support of its Motion to Transfer (Rec. D. 35), Marquette adopts the arguments made by Jantran Inc. Additionally, Marquette advances its own arguments. Marquette avers, without support of affidavits, that the majority of the "key" witnesses in this case are within 170 miles of the Northern District of Mississippi. In support of this, Defendant identifies Plaintiff, his family, Plaintiff's former employers, and several treating physicians.

Marquette also argues that the vast majority of outstanding discovery in this case will deal with the third party claim. This claim is based on an alleged "bump" with Jantran's vessel, the M/V Mr. Tom. This discovery, argues Marquette, will be with *former* employees of Jantran. Marquette asserts, without support, that many of these former crew members will be within the subpoena power of Northern District of Mississippi. Marquette further argues that the majority of relevant books and records are also closer to the Northern District of Mississippi. Marquette acknowledges that Plaintiff's preference should be given weight but argues that this preference is not determinative. And where the chosen venue is not also the site of any operative facts of the case, the weight given to Plaintiff's choice is diminished. Candela Corporation v. Palomar Medical

Technologies, Inc., 2007 U.S. Dist. Lexis 19994 ( E.D. Tx 2007).[1]

While Marquette acknowledges that the transfer will cause delay, it argues that Plaintiff has already requested a continuance of the trial and since Jantran has just been served in this matter, there will be delay regardless of whether or not the matter is transferred.

Marquette also argues that the public factor of having this matter adjudicated in the locality from which it comes weighs in favor a transfer to the Northern District of Mississippi since Jantran is located in Mississippi and neither of the Defendants, nor the Plaintiff are domiciled in Louisiana.

In response, Plaintiff advances several arguments. At the outset, Plaintiff claims that the Court has personal jurisdiction over all the parties who have appeared and answered complaints in the Eastern District of Louisiana.

Plaintiff argues that Defendants bear the burden of showing that the case should be transferred. Jordan v. Dixie Pump & Supply Inc., 2006 U.S. Dist. Lexis 13918 *3 (E.D. La 2006).

---

[1] "As a general rule, the plaintiff's choice of forum is entitled to substantial deference. Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989). However, the significant weight given to a plaintiff's choice of forum is diminished when the plaintiff does not reside in his chosen forum and no operative facts occurred within the forum. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). Plaintiff's choice of forum alone is neither conclusive nor determinative. In re Horseshoe Entm't, 337 F.3d at 434."Candela Corp. v. Palomar Med. Techs., Inc., 2007 U.S. Dist. LEXIS 19994 (E.D. Tex. Feb. 22, 2007)

Plaintiff also argues that his choice of forum should be afforded great weight. Carpenter v. Parker Drilling Offshore United States, Inc., 2005 U.S. Dist. LEXIS 11979 * 6 (E.D. La. 2005) Plaintiff proceeds to outline why the factors the Court should consider weigh against a transfer.

First, Plaintiff notes that neither of the defendants offer proof of claims regarding the location of the fact witnesses. Though Marquette hypothesizes that many of Jantran's witnesses will no longer work for the company, Marquette does not attach any affidavits attesting to this fact.

Plaintiff argues that any employees of Jantran who live outside of this Court's jurisdiction should not be a major factor in favor of transfer. Those employees, argues Plaintiff, who are under the control of their employer will be easily compelled to testify at trial. Carpenter v. Parker Drilling Offshore United States, Inc., 2005 U.S. Dist. LEXIS 11979 * 6 (E.D. La. 2005).[2] Plaintiff also notes that any treating physicians will likely testify via deposition and therefore should not be factored into the decision to transfer or not. Finally, Plaintiff avers that the many witnesses identified by the Defendants will require travel and accommodations in the Eastern District of Louisiana and the Northern District of Mississippi since they are scattered

---

[2]Plaintiff also notes that there is no evidence that the former employees of Jantran would be more likely to be in the subpoena power of the Northern District of Mississippi. In support of this, Plaintiff notes that they deposed two former employees of Marquette in Ohio and Minnesota.

throughout several states. Therefore, the costs of adjudication will be comparable in the two districts.

Plaintiff asserts that since this is a personal injury claim the location of papers and records should not be afforded much weight since there are not that many records.

Plaintiff asserts that though the delay of the trial date is neutral, the Plaintiff will be prejudiced if the case is transferred because its attorney is not admitted to practice in the state of Mississippi.

Plaintiff also points out that Jantran has defended cases in this jurisdiction before and that the Eastern District of Louisiana has an interest in adjudicating this case because it deals with the safety standards of companies who operate in its waterways. Plaintiff also indicates that Marquette's lead attorney, John Scialdone, is admitted to practice in the Eastern District of Louisiana. Finally Plaintiff avers that this Court has extensive experience in adjudicating maritime disputes and will be able to move through this matter with speed and efficiency.

The Court acknowledges from the outset that this matter could have been filed in the Northern District of Mississippi. Thus, the Motion passes the threshold determination of 28 U.S.C. § 1404. In Re Volkswagen AG, 371 F. 3d 201, 203 (5th Cir. 2004).

Change of venue in admiralty cases, like ordinary civil cases, is governed by § 1404(a).  See Continental Grain Co. v.

The FBL - 585, 364 U.S. 19, 26-27(1960). Under 1404(a), "[f]or the convenience of parties, witnesses and in the interest of justice," courts may transfer an action "to any other district or division where it might have been brought."[3] In determining whether the transfer is proper under 28 U.S.C. § 1404(a), most courts have used the factors laid out in Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508 (1947). These factors include both "private interest" and "public interest". Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508 (1947). The private interest factors are: (1) "the relative ease of access to sources of proof;" (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;" (3) "possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the "local interest in having localized controversies decided at home;" (3) the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case;" (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding

---

[3] A district where a lawsuit "might have been brought" is one in which the court would have had subject matter jurisdiction, the Defendants would have been subject to personal jurisdiction, and venue would have been proper. Hoffman v. Blaski, 363 U.S. 335 (1960).

unnecessary problems in conflict of laws, or in the application of foreign law. Id. at 509. As an additional public interest factor, courts consider judicial economy – that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money. Van Dusen v. Barrack, 376 U.S. 612, 616(1964). Finally, "while neither conclusive nor determinative," in this circuit "the Plaintiff's choice of forum is clearly a factor to be considered." In re Horseshoe Entertainment, 337 F. 3d 429, 234-5 (5th Cir. 2003).

When ruling on a § 1404(a) motion to transfer, the Court is not limited to the above factors but must instead engage in a case-by-case consideration of convenience and fairness. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The burden of proof in a motion to transfer is on the moving party. See Karim v. Finch Shopping Co., Ltd., 94 F.Supp.2d 727 (E.D.La. 2000); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). The Plaintiff's privilege of choosing venue places the burden on the Defendant to demonstrate why the forum should be changed. Unless the balance of factors strongly favors the moving party, the Plaintiff's choice of forum generally should not be disturbed. Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935 (1989).

The public factors to consider in this matter come out evenly. There is an interest in a transfer of this case since the accident occurred within the jurisdiction of the Northern

District of Mississippi. The Northern District of Mississippi has a recognized interest in adjudicating accidents which occur within its jurisdiction.

However, considerations of judicial resources weigh against transfer. This Court has almost proceeded to trial in this matter. The Court has expended resources in the adjudication of this matter and the parties have prepared for trial according to this Court's procedures.

The other public factors are largely irrelevant to this case. This is an admiralty case involving federal, not state, laws. The accident occurred aboard a vessel. The trial of this case will not cause any administrative difficulties or congestion in this Court. Therefore, these factors are neutral with respect to transfer.

The private factors of this case weigh against the Motions to Transfer. Plaintiff's preference, even if diminished, weigh against a transfer in this case. See Peteet at 1436.

The Court is unconvinced by any other arguments made by the parties with respect to private factors.[4] Defendants have failed to show that their ability to furnish witnesses at trial will be impacted if this case remains in the Eastern District of

---

[4]The Court notes that Plaintiff's argument that his counsel are not admitted to practice in the State of Mississippi is without merit. As Plaintiff's counsel is presumably well-aware, the Northern District of Mississippi provides for admittance of attorneys pro hac vice to work on particular cases when they are from out of state.

Louisiana. Defendant Marquette identifies several witnesses who are located within 170 miles of the Northern District of Mississippi. However, the witnesses he cites are mostly in Tennessee which is closer but ultimately not within the direct jurisdiction of the suggested locale. Furthermore, the majority of the cited witnesses are either doctors who will likely testify in this bench trial via deposition, employees of Jantran who are easily located, or family members who are not necessarily inconvenienced by testifying in the location requested by Plaintiff.

Furthermore, "[a]llegations of hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences. Fla. Marine Transporters, Inc. v. Lawson & Lawson Towing Co., 2001 U.S. Dist. LEXIS 14312 (E.D. La. Aug. 29, 2001)(citation omitted). See also Antley v. Aries Marine Corp., 2001 U.S. Dist. LEXIS 124 (E.D. La. Jan. 2, 2001) (denying motion to transfer for lack of evidence as to where witnesses reside). This Court does not find that the convenience of witnesses weighs in favor of a transfer. The Court is similarly unconvinced by arguments regarding the location of the records in this case.

Therefore the Court finds that both Defendants have failed to carry their burden with respect to establishing a basis for transfer. Defendant must show that the factors weigh in favor of transfer. In the present case, the public factors are neutral

with respect to transfer and the private factors weigh against transfer.

Accordingly,

**IT IS ORDERED** that Defendant Marquette Transportation Company, INC.'s Motion to Transfer Venue (Rec. D. 35) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Jantran INC.'s Motion to Transfer Venue (Rec. D. 36) is **DENIED.**

New Orleans, Louisiana this 28th day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE